

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE<br><br>RAY G. KILLOUGH and<br>GAYLE L. FLANAGAN-LEDNICKY,<br><br>      Debtors, | )<br>)<br>)<br>) CASE NO. 09-30142-H3-13<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

The court has held a hearing on the "First Amended Motion to Extend Automatic Stay" (Docket No. 40) filed by the Debtors in the above captioned case, and the "Emergency Motion for Dismissal of Bankruptcy Case for Bad Faith Filing" (Docket No. 29) filed by Chase Home Finance, LLC ("Chase"). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Ray G. Killough and Gayle L. Flanagan-Lednicky ("Debtors") filed a voluntary petition in the instant Chapter 13 case on January 5, 2009.

Prior to the filing of the instant case, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in

Case No. 04-80625-G3-13 (the "First Case"), on April 21, 2004. The First Case was dismissed before confirmation, by order entered May 20, 2005, for failure of Debtors to make Chapter 13 plan payments. (Docket No. 35, Case No. 04-80625-G3-13).

On July 1, 2005, Debtors filed a second voluntary petition under Chapter 13 of the Bankruptcy Code, in Case No. 05-81855-G3-13 (the "Second Case"). The Second Case was dismissed, by order entered December 2, 2008, for failure of Debtors to make the payments due under their confirmed Chapter 13 plan. (Docket No. 104, Case No. 05-81855-G3-13).

In the First Case, Debtors' schedule I indicated income of $2,000 for Killough, as a contract electrical worker, and $1,570 for Flanagan-Lednicky,[1] consisting of $870.19 in net monthly income as a paraprofessional, supplemented by $700 in monthly income from her employment at Walmart. (Docket No. 3, Case No. 04-80625-G3-13). Debtors' schedule J indicated expenses of $2,795.19 per month, including inter alia, $854.62 as a monthly mortgage payment to Chase. (Docket No. 3, Case No. 04-80625-G3-13).

Chase filed a proof of claim in the First Case, asserting an arrearage amount of $7,485.57. This amount included six regular monthly mortgage payments (Chase Exhibit 2). Debtors proposed a plan calling for Debtors to make the regular monthly

---

[1] Flanagan-Lednicky is identified in the First Case and the Second Case as Gayle L. Lednicky.

2

mortgage payments directly to Chase, and pay $775 per month for eight months, then $1,425 per month for 52 additional months to the Chapter 13 Trustee.  The plan provided for disbursements to Chase over 51 months, to cure the arrearage.  (Docket No. 22, Case No. 04-80625-G3-13).

Killough testified that Debtors were unable to make the payments in the First Case.

In the Second Case, Debtors' schedule I indicated income of $3,500 for Killough, as a contract electrical worker, and $2,070 for Flanagan-Lednicky, consisting of $1,195.00 in net monthly income as a paraprofessional, supplemented by $875 in monthly income from her employment at Walmart.  (Docket No. 23, Case No. 05-81855-G3-13).  Debtors' schedule J indicated expenses of $4,431.62 per month.  (Docket No. 23, Case No 05-81855-G3-13).

Chase filed a proof of claim in the Second Case, asserting an arrearage amount of $11,075.27.  This amount included ten regular monthly mortgage payments (Chase Exhibit 2). Debtors' confirmed plan in the second case called for Debtors to make the regular monthly mortgage payments directly to Chase, and pay $1,100 per month for 55 months to the Chapter 13 Trustee. The plan provided for disbursements to Chase over 36 months, to cure the arrearage.  The confirmed plan in the Second Case also provided for distribution to the Internal Revenue Service of $10,702.61 on a secured claim for 1996-2001 income taxes, and

$5,700.86 on a priority claim for 1997-2003 income taxes. (Docket No. 24, Case No. 05-81855-G3-13).

In the Second Case, on May 31, 2006, Chase filed a motion for relief from stay.  (Docket No. 39, Case No. 08-81855-G3-13).  An agreed order was entered on November 15, 2006 conditioning the stay as to Chase.  (Docket No. 55, Case No. 08-81855-G3-13).  Chase gave notice of Debtors' default on the agreed order, on December 18, 2006.  (Docket No. 57, Case No. 08-81855-G3-13).  On February 28, 2007, Debtors commenced an adversary proceeding against Chase, in the Second Case, seeking damages against Chase, and seeking to enjoin foreclosure.  (Adv. No. 07-3125).  The adversary proceeding resulted in an agreed judgment, entered April 3, 2008, directing Debtors to cure their arrearage to Chase by making specified payments.

The Second Case was dismissed, by order entered December 2, 2008. (Docket No. 104, Case No. 05-81855-G3-13).  The petition in the instant case was filed on January 5, 2009.

Killough testified that Debtors were unable to make the payments in the Second Case and pursuant to the agreed judgment in Adversary No. 07-3125 because he became injured.  He testified that he suffers from diabetes, and additionally had a blocked heart valve which required the installation of stents.

Killough testified that he has become licensed as a master electrician.  He testified that, since he has become

4

licensed, he has restructured his business to include more work on service calls and in supervising other workers, such that his income has increased.  He testified that he has returned to work, and is now able to complete the tasks involved in his work as a master electrician.

In the instant case, Debtors' schedule I indicates income of $13,000 for Killough as a self-employed electrician, supplemented by $1,083 in income based on his master electrician's license.  Schedule I indicates net income of $1,555.23 for Flanagan-Lednicky, as a customer service manager at Walmart.  Debtors' schedule J indicates $10,340 in business expenses, and $3,300 in other expenses, for a total of $13,640.00 in expenses.  (Docket No. 43).  Debtors have proposed a plan calling for them to pay $1,820 for one month, and $1,990 per month for 59 months, to the Chapter 13 Trustee.  The plan provides for disbursement through the Trustee of regular monthly mortgage payments of $868.62 to Chase, plus $26,396.96 in arrearage claims.  (Docket No. 45).

Killough testified that, in addition to the changes in Debtors' income since the dismissal of the Second Case, Debtors are no longer supporting their 21 year old daughter and their grandchild.

Killough testified that Debtors have arranged for a portion of their Chapter 13 plan payment to be deducted from

Flanagan-Lednicky's wages, through the use of a wage order.  He testified that the remainder of Debtors' plan payment will be made by an automated clearinghouse draft or electronic funds transfer.  He testified that he has already provided information to the Chapter 13 Trustee to begin the ACH or EFT deductions.  He testified that Debtors paid their first plan payment by check.

In the instant motions, Debtors seek continuation of the automatic stay as to all creditors.  Chase opposes continuation of the stay, and seeks dismissal for bad faith.  Chase argues that, because Debtors' debts to Chase and to other creditors have increased since the filing of the First Case, the instant case was filed in bad faith.

### Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay shall terminate on the 30th day after the filing of a case if the debtor has had a case pending within the preceding one-year period.

Section 362(c)(3)(B) of the Bankruptcy Code provides that the court may extend the stay, on motion of a party in interest, if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

Section 362(c)(3)(C)(i)(II)(cc) of the Bankruptcy Code provides that a case is presumptively filed not in good faith if the previous case was dismissed after the debtor failed to

perform the terms of a plan confirmed by the court.

The burden of proof as to whether there has been a change of circumstances or other reason to believe that the new case will result in a confirmed plan is on the Debtor.  In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, a presumption applies that the case was not filed in good faith, because Debtors failed to perform the terms of the plan in Case No. 05-81855-G3-13.  However, on the evidence presented, Debtors have rebutted the presumption, and the court concludes they should be given one last chance to cure their arrearage to Chase through a confirmable plan.  The court finds persuasive Killough's testimony as to the changes in his business income, and Debtors' reduction of their family expenses.  However, in light of Chase's objection and Debtors' poor history of making payments, the court has determined that the stay should be conditioned on Debtors' performance of the terms of the plan in the instant case.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on January 30, 2009.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE